# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# IN THE CHARLESTON DIVISION

| | |
|---|---|
| BEAL BANK USA,<br><br>                Plaintiff,<br><br>vs.<br><br>WILLIAM IRVIN, JR.,<br>ANDREW ACKERMAN, and<br>EDWARD MICHAEL WASHBURN,<br><br>                Defendants. | Civil Action No.  2:14CV  4657-RMG<br><br>**COMPLAINT** |

**TO:   THE DEFENDANTS ABOVE NAMED:**

Plaintiff Beal Bank USA, complaining of the Defendants above named, would allege and show unto this Honorable Court as follows:

1. The Plaintiff is a banking institution duly organized and existing under the laws of the State of Nevada, with its principal place of business in the State of Texas.

2. Defendant William S. Irvin, Jr. is a resident of Charleston County, State of South Carolina.

3. Defendant Andrew Ackerman is a resident of Georgia.

4. Defendant Edward Michael Washburn is a resident of Charleston County, State of South Carolina.

5. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs and attorney's fees.

6. This Court has subject matter jurisdiction over the claims alleged herein.

7. This Court has jurisdiction over the person of the Defendants.

8. Venue is proper in this Court.

9. None of the Defendants are in the military service of the United States or otherwise protected by the provisions of the Soldier's and Sailors' Civil Relief Action of 1940, as amended.

10. THIS IS AN ACTION TO COLLECT ON A DEBT DUE AND OWING, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  FURTHER, THE NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICE ACT IS ATTACHED HERETO AS **EXHIBIT "A"** AND INCORPORATED HEREIN BY REFERENCE.

11. This is an action to collect a debt secured by guaranties signed by each defendant, a loan used to purchase property located in Charleston County.

12. On or about October 30, 2007, 14 Reid Street, LLC (the "Borrower"), for valuable consideration, made, executed and delivered that certain commercial promissory note (the "Note") payable to the order of Carolina Federal Savings Bank in the original principal sum of Eight Hundred Ten Thousand and No/100 Dollars ($810,000.00), together with interest at the rate provided therein.  Each of the Defendants signed the Note as a member of the Borrower.  A copy of the Note is attached hereto as **Exhibit "B"** and incorporated herein by reference.

13. On or about October 30, 2007, the Borrower, to secure the payment of the indebtedness evidenced by the Note, according to the terms and conditions thereof, made, executed and delivered to Carolina Federal Savings Bank a written Real Estate Mortgage whereby Borrower mortgaged certain real property located in Charleston County.

14. On or about October 30, 2007, Defendants, as members of the Borrower, to further secure the payment of the indebtedness evidenced by the Note, signed that certain written Commercial Loan Agreement in favor of Carolina Federal Savings Bank.  A copy of the

Commercial Loan Agreement is attached hereto as **Exhibit "C"** and incorporated herein by reference.

15.     On or about July 23, 2010, the Borrower, for valuable consideration, made, executed and delivered that certain Note and Mortgage Modification Agreement, renewing, confirming, and modifying the loan, payable to the order of Carolina Federal Savings Bank in the amount of Eight Hundred Ten Thousand and No/100 Dollars ($810,000.00), together with interest at the rate provided therein, which was filed and recorded on August 4, 2010 in the Charleston County RMC Office in Book 0136 at Page 717. A copy of the Note and Mortgage Modification Agreement is attached hereto as **Exhibit "D"** and incorporated herein by reference.

16.     On or about October 30, 2007, Defendant William Irvin, Jr., to further secure the payment of the indebtedness evidenced by the Note, signed that certain written Guaranty in favor of Carolina Federal Savings Bank (hereafter, "the Irvin Guaranty").  A copy of the Irvin Guaranty is attached hereto as **Exhibit "E"** and incorporated herein by reference.

17.     On or about October 30, 2007, Defendant Andrew Ackerman, to further secure the payment of the indebtedness evidenced by the Note, signed that certain written Guaranty in favor of Carolina Federal Savings Bank (hereafter, "the Ackerman Guaranty").  A copy of the Ackerman Guaranty is attached hereto as **Exhibit "F"** and incorporated herein by reference.

18.     On or about October 30, 2007, Defendant Edward Michael Washburn, to further secure the payment of the indebtedness evidenced by the Note, signed that certain written Guaranty in favor of Carolina Federal Savings Bank (hereafter, "the Washburn Guaranty").  A copy of the Washburn Guaranty is attached hereto as **Exhibit "G"** and incorporated herein by reference.

19. On or about June 8, 2012, Carolina Federal Savings Bank was closed by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver of Carolina Federal Savings Bank.

20. On December 14, 2012, the interest held by Carolina Federal Savings Bank was acquired by Plaintiff from the FDIC.

21. On or about January 22, 2013, the Note, Commercial Loan Agreement, Mortgage, Irvin Guaranty, Ackerman Guaranty, and Washburn Guaranty, among other instruments, were assigned to Plaintiff by the FDIC, as Receiver for Carolina Federal Savings Bank.

22. The obligations under the terms and conditions of the Note, as amended, are in default for, among other reasons, the failure of the Borrower to repay the indebtedness in accordance with the terms thereof.

23. In the Note and Commercial Loan Agreement, it is provided that in the event of default in any of the terms thereof, the whole amount of the debt secured by the Note would become immediately due and payable. By reason of the failure of the Borrower to comply with the terms and conditions of the Note and Commercial Loan Agreement, the Plaintiff declared the entire indebtedness immediately due and payable.

24. Plaintiff initiated a foreclosure action on the Mortgage referenced hereinabove.

25. The Court of Common Pleas for Charleston County entered judgment in favor of Plaintiff on the foreclosure of its Mortgage, and sold the property to Plaintiff as high bidder.

26. Following sale of the mortgaged property, the circuit court entered a deficiency judgment against the Borrower in the amount of Four Hundred Seventy-Nine Thousand Eight

Hundred Fifty-One and 21/100 Dollars ($479,851.21).  A true and correct copy of the deficiency judgment is attached hereto as **Exhibit "H"** and incorporated herein by reference.

27. Pursuant to the terms of the Irvin Guaranty, the Ackerman Guaranty and the Washburn Guaranty, the defendants each "shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged, pursuant to statute or judicial decision."

28. It is further provided in the Note and Guaranties incorporated herein by reference that the Defendants shall pay or reimburse the Plaintiff for all costs and expenses, including reasonable attorney's fees and legal expenses, incurred in connection with enforcement of the guaranties.

29. As of March 1, 2014, there is due and owing to the Plaintiff by the Defendants a total amount of Four Hundred Seventy-Nine Thousand Eight Hundred Fifty-One and 21/100 Dollars ($479,851.21) comprising the total amount of the deficiency judgment incorporated by reference, plus interest accruing at the statutory rate, plus reasonable attorneys' fees and the costs of this action.

30. Plaintiff is entitled to judgment against Defendants on the guaranties.

WHEREFORE, Plaintiff prays:

(a) That the amount due upon the Guaranties be ascertained and determined under the direction of the Court, together with attorney fees and the costs of this action;

(b) For a judgment against Borrower for the full amount found to be due and owing to the Plaintiff upon the Guaranties; and

(c) For such other and further relief as the Court may deem just and proper.

                                      s/ R. Bruce Wallace
                                      R. Bruce Wallace (Federal ID No. 7018)
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
E-mail:  bwallace@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF

December 9, 2014

Charleston, South Carolina